IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLOS E. GONZALEZ, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:13-CV-01533-WSD-GGB |
| AMERICOLD LOGISTICS LLC, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Carlos E. Gonzalez ("Plaintiff") is proceeding in this matter *pro se*. This matter is before the court on Plaintiff's Motion to Dismiss Without Prejudice [Doc. 17], Plaintiff's Emergency Motion to Stay Proceedings [Doc. 18], and the parties' responses to this court's order dated September 19, 2013 deferring the court's ruling on Plaintiff's pending motions until the Plaintiff clarified to the court whether he wants to withdraw his motions and proceed with his case in this court, or whether he wishes to proceed with his request to dismiss this case without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**I.    BACKGROUND FACTS**

Plaintiff alleges that he was born in El Salvador and is Hispanic. [Doc. 3, Compl., ¶ 7]. On May 21, 2012, Plaintiff began working as an order puller for Americold, a foreign limited liability company registered in Georgia. Americold's

AO 72A
(Rev.8/82)

principal office address in Georgia is 10 Glenlake Parkway, Suite 800, Atlanta, Georgia, 30328. [Doc. 19 ¶ 3]. At all relevant times, Plaintiff worked at Americold's Tradewater Facility located at 6500 Tradewater Parkway, Atlanta, Georgia, 30036. [Id. ¶ 1].

Plaintiff alleges that during the entire period of his employment, he suffered from severe and pervasive harassment by a number of his coworkers and his immediate supervisors, based on his national origin. [Compl. ¶¶ 9-15]. Plaintiff alleges that he complained on multiple occasions to his supervisors, managers, and Americold's Human Resources office, but the harassment continued. [Id. ¶¶ 17-18]. On August 8, 2012, Americold terminated Plaintiff's employment due to "job abandonment." [Id. ¶ 19]. Plaintiff alleges, however, that his former supervisor told him that he was actually terminated because he had complained about harassment. [Id. ¶ 20]. Plaintiff filed a charge of discrimination against Americold with the Equal Employment Opportunity Commission ("EEOC"), and received a notice of right to sue on February 7, 2013. [Id. ¶ 6].

On May 7, 2013, Plaintiff timely filed a complaint in this U.S. district court against Americold, alleging federal claims of race and national origin harassment, discrimination, and retaliation, in violation of Title VII and § 1981, as well as a number of state law claims. [Doc. 3, Compl.]. On July 19, 2013, Americold filed its

answer to Plaintiff's complaint [Doc. 9] and, on July 31, 2013, an amended answer [Doc. 13] and its preliminary report and discovery plan [Doc. 14]. Plaintiff filed his preliminary report and discovery plan on July 30, 2013. On August 2, 2013, the court issued its scheduling order and instructions regarding summary judgment motions. [Doc. 15].

On August 7, 2013, Plaintiff filed the instant motion to dismiss without prejudice [Doc. 17], and the next day, he filed a motion to stay these proceedings pending the court's ruling on his motion to dismiss [Doc. 18].

In Plaintiff's motion to dismiss, Plaintiff explained that he is in the process of moving to San Juan, Puerto Rico to begin a new job. He stated that he has obtained an attorney there to represent him and that he wishes to dismiss this case without prejudice and re-file the matter in Puerto Rico. [Doc. 17 at 2-3].

Americold filed a response in opposition to both of Plaintiff's motions, arguing that venue is improper in Puerto Rico because Americold does not have operations there, Americold maintains its registered office in Atlanta, Georgia, and the unlawful employment practices alleged to have been committed in this action occurred in Atlanta, Georgia. Americold argued that if the court granted Plaintiff's motion to dismiss and Plaintiff re-filed in Puerto Rico, Americold would have to spend time and resources moving to transfer the action back to the Northern District of Georgia, which

3

would delay discovery and ultimate resolution of this case for several months, for no legitimate purpose. Americold further asserted that it is ready to commence discovery in this case, and it would be prejudiced by the delay should this court grant Plaintiff's motion to stay the litigation pending its ruling on Plaintiff's motion to dismiss.

## II.   DISCUSSION

Plaintiff's complaint seeks damages for employment discrimination, retaliation and harassment, in violation of Title VII (as well as other claims). Title VII contains its own exclusive venue provision, and this provision, rather than the general venue statute, governs venue in Title VII actions. Kravec v. Chicago Pneumatic Tool Co., 579 F. Supp. 619, 622-23 (N.D. Ga. 1983). Under Title VII, Congress intended to limit venue to those jurisdictions concerned with the alleged discrimination. El v. Belden, 360 F. Supp. 2d 90, 93 (D.D.C. 2004). Venue cannot lie in a jurisdiction where a substantial part, if not all, of the challenged employment actions occurred outside of such jurisdiction. Id.

42 U.S.C. § 2000e-5(f)(3) provides that actions under Title VII may be brought in: (1) any judicial district in the state in which an unlawful employment practice is alleged to have been committed; (2) the judicial district in which the relevant employment records are maintained and administered; (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment

4

practice; or (4) the judicial district in which the respondent has its principal office, if the respondent is not found within any of the foregoing three districts.

Here, it is clear from the record that all of the harassment and adverse employment acts alleged by Plaintiff would have occurred at Americold's Tradewater facility in Atlanta, Georgia.  If not for his allegedly unlawful termination, Plaintiff would still be employed in Georgia.  Both Plaintiff's residence of record and Americold's place of business are in Georgia.  According to Americold, Plaintiff's employment records relevant to Plaintiff's case are maintained and administered in Atlanta, Georgia.

When a plaintiff files an action in the wrong district, the district court may dismiss the case, or if it be in the interest of justice, transfer to a proper venue.  See 28 U.S.C. § 1406(a).  In this case, however, venue is proper in this court, the U.S. District Court for the Northern District of Georgia, Atlanta Division.  Plaintiff has offered no facts that would support venue in, or a transfer of this case to, Puerto Rico.

Because venue is improper in Puerto Rico for Plaintiff's Title VII employment action, the court provided Plaintiff with the opportunity to reconsider his request to voluntarily dismiss this case.  In my order dated September 19, 2013, Plaintiff was **DIRECTED** to clarify to the court, in writing, within **TWENTY-ONE (21) DAYS**

5

of the date of the order, whether Plaintiff elected to withdraw his motion to dismiss and motion to stay and proceed with his case in this district court, or whether he wishes to proceed with his request to dismiss this case.  The court **DEFERRED** ruling on Plaintiff's motions to dismiss and to stay until Plaintiff submitted his written clarification.

On September 23, 2013, Plaintiff filed his written clarification [Doc. 25] stating that he wishes to proceed with his request to dismiss this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2) provides that after an answer or motion for summary judgment has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Id.  Unless otherwise specified in the order, a dismissal under Rule 41(a)(2) is without prejudice.  Id.

A plaintiff does not have an unfettered right to obtain a voluntary dismissal without prejudice.  Nwokocha v. Hartford Accident and Indem. Co., No. 1:08-cv-2997-JOF, 2009 WL 2355982, at *1 (N.D. Ga. July 29, 2009) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)).[1]   However, "in most cases, a

---

[1] In Bonner v. City of Prichard, Ala., 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

6

[voluntary] dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (italics in original).

On September 25, 2013, Defendant Americold filed a response [Doc. 26] to Plaintiff's written clarification indicating that Americold no longer opposes Plaintiff's motion to dismiss and has no objections to his case being dismissed.

### III. CONCLUSION

For the reasons stated, and in view of Plaintiff's *pro se* status, I **RECOMMEND** that the district court **GRANT** as unopposed Plaintiff's motion to dismiss [Doc. 17] and dismiss this case **WITHOUT PREJUDICE**, with each side bearing its own costs, fees, and expenses. In light of that recommendation, I **FURTHER RECOMMEND** that the court **DENY AS MOOT** Plaintiff's motion to stay these proceedings [Doc. 18].

**IT IS SO RECOMMENDED**, this 23rd day of October, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

7

AO 72A
(Rev.8/82)